## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**PUBLIC SERVICE COMPANY OF NEW MEXICO,**

      **Petitioner,**

**v.**                                                 **Case No:**

**INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL 611,**

      **Respondent.**

### PETITION TO SET ASIDE, VACATE OR MODIFY ARBITRATION AWARD

COMES NOW, Petitioner Public Service Company of New Mexico ("PNM"), by and through its counsel, Conklin, Woodcock & Ziegler, P.C. (Robert C. Conklin), and submits this Petition requesting that the Court enter an order setting aside, vacating or modifying the arbitration award issued by Arbitrator John C. Fletcher pursuant to the Collective Bargaining Agreement between PNM and Respondent International Brotherhood of Electrical Workers, Local 611 ("Union").

### Parties

1.      PNM is a publicly-regulated utility, incorporated and doing business in New Mexico.

2.      PNM is an "employer" as that term is defined under the Labor Management Relations Act, 29 USC § 185 ("LMRA") and the National Labor Relations Act, 29 USC § 152.

3.      The Union is a "labor organization" as that term is defined under the LMRA and the NLRA.

### Jurisdiction and Venue

4.     The Court has jurisdiction over the parties and the subject matter and venue is proper.  See, 28 USC § 1331; 28 USC § 1391; 29 USC § 185.

5.     This Petition is brought pursuant to the LMRA (29 USC § 185) and the Federal Arbitration Act (9 USC §10).

### Grounds For Setting Aside And Vacating The Award

6.     This Petition is brought as a predicate for a formal motion to set aside, to vacate, or to modify to be made and heard by the Court.

7.     PNM and the Union are parties to a Collective Bargaining Agreement ("CBA"), effective December 15, 2015 through April 30, 2020 (hereinafter "2015 CBA").  A copy of relevant portions of the 2015 CBA is attached as **Exhibit A**.

8.     PNM and the Union were parties to a previous CBA effective May 1, 2009 through April 30, 2012 (hereinafter the "2009 CBA").  A copy of relevant portions of the 2009 CBA is attached as **Exhibit B**.

9.     On December 1, 2010, the Union filed a grievance asserting that PNM discharged Kenny Nunn ("Nunn") without just cause.  The grievance sought the following relief: "Reinstate Kenny Nunn and make employee whole, including back pay."  A copy of the grievance is attached as **Exhibit C**.

10.    Nunn was discharged on November 30, 2010, for serious safety violations that resulted in an arc flash explosion and burns to his right hand.

11.    The grievance was heard by Arbitrator Fletcher on August 23-24, 2018, in Albuquerque, New Mexico.

12.     The arbitrator's authority under Article 11 of the 2009 and 2015 CBA is limited, as follows:

> **C. Powers of the Arbitrator**.  The arbitrator shall have no authority to supplement, enlarge, diminish, or alter in any way the scope or meaning of this Agreement as it exists from time to time, or any provision therein nor entertain jurisdiction over any subject matter not covered thereby except for the application, of a specific policy to a specific employee.  Such jurisdiction shall be limited to the question of arbitrary or capricious application.

13.     Article 10 of both the 2009 and 2015 CBA specifically states with respect to Step 2 of the grievance process that the Step 2 grievance must include the following information:

> 3.  The specific relief requested.  <u>Relief shall be limited to remedies which serve to make whole the grieving party.  No penalties shall be requested or imposed</u>.
>
> (Emphasis added).

14.     The Arbitration Award was issued on November 1, 2018.  A copy of the Award is attached as **<u>Exhibit D</u>**.

15.     The arbitrator decided that Nunn violated safety procedures, but that he should have been placed at the highest level of discipline (a Step 4 Decision Making Leave) rather than being discharged.  (Award at page 12).  PNM is not challenging this part of the Award.

16.     With respect to the remedy, the arbitrator ordered that Nunn be immediately reinstated to his former position with full seniority.  Nunn has been reinstated and PNM is not challenging this part of the Award.

17.     With respect to the remedy, the arbitrator further ordered the following:

> ".  .  . that he [Nunn] be compensated for all wages and benefits lost subsequent to December 1, 2010.  The only offsets the Company may take from the back pay due Nunn is earning that he made working within the state of New Mexico, as the evidence in this record is uncontroverted and conclusive that he was unable to work in his trade in that state because he had been fired by the Company."
>
> (Award at page 13).

18.     The arbitrator further awarded interest on the monies to be paid Nunn "at the applicable IRS rate in place for the periods involved, compounded quarterly." (Award at page 14).

19.     The arbitrator retained jurisdiction for six months "to deal with any issues that may arise with respect to the remedy provided herein." (Award at page 14).

20.     Issues arose with respect to the remedy provided by the Award, and a hearing before the arbitrator to resolve those issues has been scheduled for February 27, 2019, in Albuquerque.

21.     PNM has filed this Petition prior to the February 27, 2019 hearing because of the 3-month limitations period set forth in Section 12 of the Federal Arbitration Act, 9 USC § 12. PNM reserves the right to amend this Petition based upon the arbitrator's decisions at the February 27, 2018 hearing.

22.     The arbitrator exceeded his authority, disregarded and ignored the explicit language of the 2009 and 2015 CBA, and manifestly ignored federal labor law, and awarded a remedy that served to make Nunn more than whole and which imposed a penalty because the Arbitrator awarded full backpay and benefits and denied any offset for Nunn's interim earnings and benefits from out-of-state employment.

23.     To the extent the arbitrator fails or failed to offset the backpay award by the benefits received by Nunn from PNM's defined benefit pension plan, he exceeded his authority and disregarded and ignored explicit language of the 2009 and 2015 CBA, and manifestly ignored federal labor law, and awarded a remedy that served to make Nunn more than whole and which imposed a penalty.

24.     Nunn's earnings and benefits from out-of-state employment exceeded $250,000, all of which should be allowed as an offset.

4

25.     PNM paid $145,867.32 in pension benefits to Nunn after he retired effective December 1, 2010.  Nunn would not and could not have received such pension benefits in addition to wages from PNM, Nunn did not contribute to the pension plan, Nunn is not required to re-pay the pension benefits he has received, and when Nunn retires, the payment of the pension benefits will resume at the same level.  The pension benefits should be allowed as an offset.

26.     To the extent the arbitrator allows holiday, vacation and "special account" leave accrual and payment, he further exceeds or exceeded his authority and disregarded and ignored the explicit language of the CBA because any such accruals or payments constitute a "double recovery," serve to make Nunn more than whole, and impose an improper penalty.

27.     One of the issues to be determined at the February 27, 2019 hearing is the proper computation of interest at the applicable IRS annual interest rate, which varied between 3-5% during the backpay period, compounded quarterly.

28.     To the extent that the arbitrator requires PNM to pay interest at more than the applicable IRS annual interest rate (which varied between three and five percent annually), properly compounded quarterly, he will have further exceeded his authority, disregarded and ignored the explicit language of the CBA, and manifestly disregarded federal labor law.

29.     The arbitrator exceeded his authority, or so imperfectly executed it that a mutual, final and definitive award upon the subject matter was not made.

WHEREFORE, PNM requests the following relief:

a.   Entry of an Order setting aside, vacating or modifying the Award;

b.   Award PNM its costs and reasonable attorney's fees incurred herein; and

c.   Such other and further relief as may be just and proper.

Respectfully Submitted,

CONKLIN, WOODCOCK, & ZIEGLER, P.C.


By: */s/ Robert C. Conklin*
       Robert C. Conklin
       320 Gold SW, Suite 800
       Albuquerque, NM   87102
       Tel. (505) 224-9160
       Fax (505) 224-9161
       rcc@conklinfirm.com
       *Attorneys for Petitioner*